United States District Court
Northern District of New York

Gregory Lee, pro se plaintiff
DIN. NO: 07A4990
Box 51  (G.M.C.F)
Comstock, New York, 12821

Date: October, 22nd, 2008

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

OCT 24 2008

LAWRENCE K. BAERMAN, CLERK
ALBANY

Filed: By u.s. mail (E.C.W)

Honorable David .R. Homer
United States Magistrate Judge
U.S. Courthouse, 445 Broadway
Albany, New York, 12207

Re: Gregory . V. Lee, $4,675.00 in U.S. currency, one 1997 Ford Expedition, VIN# 1FMFU18L4VLB79261, N.Y. Lic. No.# DGB-8080 .VS. The City of Kingston New York Police Department, et al., Case No. 1:08-CV-396(DNH/DRH)

Plaintiff's Letter of Objection to courts order and report pursuant
To 28 U.S.C. §636(b)(1)

Dear Judge Homer,

Consistent with the courts October, 17th, 2008 order recommending a report for dismissal of the above stated action without prejudice in it's entirety, in which was postmarked on October, 20th, 2008 and received by me on October, 21st, 2008, The plaintiff respectfully submits this instant letter of objection pursuant to 28 U.S.C. §636(b)(1) in the above referenced case for filing with the clerk of the court within the required Ten (10) day period of compliance for written objections by parties to this action.

Magistrate Judge Homer has filed a order/report/recommendation for the dismissal of this action for the plaintiff's lack of compliance with the August, 24th, 2008

①

order requiring the plaintiff to file with the clerk of the court an amended complaint with sufficient copies for service upon the Twenty (20) defendants or provide sufficient copies of the original complaint for service of process on the defendants by the United States marshalls service by October, 1st, 2008 or face dismissal of his action.

The plaintiff now opposes his honor's recommendation for dismissal due to the lack of compliance because the plaintiff's lack of compliance was due to no fault of the plaintiff's own unwillingness to comply with the courts order.
The court is very well aware that the plaintiff is indigent and incarcerated and as such the plaintiff is subject to the whims and capricious nature of the authorities within the facilities in which he is being held.
The plaintiff has repeatedly filed letters with the court informing it of the facilities willingness to comply with the plaintiffs court orders and the hostile nature of the staff members who are deliberately indifferent to the courts orders due to a lack of understanding of the law.

The regular facility correctional officers are trained not to believe or trust anything a inmate tells them and contact with supervisors is insulated by the chain of command, which the officer's take as a personal assault or affront should a inmate skip above them in that command. These officers are the people in charge of the daily activities within the facility such as the law library and it's copying machine and procedures, as well as the responsibility of vouchering request for postage advances.

In light of these difficulties in the plaintiff's ability to comply through the administrative process the plaintiff has sought out numerous informal and formal avenues of complaints including contacting the court in the hope that the court itself would intervene and issue a order directly to the commissioner or facility superintendant so that they would issue the order to the proper facility staff members which would then be accepted and followed as opposed to any paper in the possession of the plaintiff

In the instant case the plaintiff, in compliance with the courts order request indigent

(2)

advances for postage and photo copies directly from the deputy superintendant of programs (Karen Lapolt) by letter on September, 25th, 2008, well in advance of the court's October, 1st, 2008, deadline, as it only takes one day for a interdepartmental communication to be returned, and one day's mailing for mail to reach Albany from this facility.

When the plaintiff failed to receive a response to his request by the courts ordered deadline the plaintiff checked with the p.m law library officer on October, 1st, 2008, to see if the request was received directly and the request was not present.

On October, 2nd, 2008, the plaintiff spoke personally with Dep. Supt. of programs K. Lapolt while at his prison work program and was told that if she received it (request) she would have already signed off on the request and forwarded it back to the plaintiff.

On October, 6th, 2008, the plaintiff again spoke with the p.m law library officer and Dep. Supt. of programs K. Lapolt and informed them both that he had not received his request back or his court order, and was told by them both that the matter would be investigated and my request and legal work found.

On October, 10th, 2008, the plaintiff was called from his facility work program to the law library where he was greeted by the A.M law library officer C. Poirier, who has been a major reason and problem in the plaintiffs past difficulty in the plaintiff's previous ability to comply with the courts directives.

Ofc. C. Poirier, presented the plaintiff with his court order and his initial request which on it's face was endorsed for approval on September, 25th, 2008, by the Deputy Supt. of programs, and endorsed by Ofc. C. Poirier as being received by him on October, 7th, 2008, the plaintiff was thereupon requested to sign a line at the bottom of the request dated October, 10th, 2008, to show that the courts order had been returned to the plaintiff.

Upon inquiry to Ofc. C. Poirier as to where the plaintiffs request and court

order had been For The previous Fourteen (14) days he was given no explanation to give to The court so The plaintiff immediately got a copy of his request and filed a grievance complaint about The matter and The Facilities lack of Timely access To The courts.

The plaintiff Then immediately sent The court a copy of his request, The grievance complaint, and an explanation of the situation in it's entirety, along with a request For The grace of a Final extension Now That his request has been Finally Found and approved!

It is the plaintiff's position that his ammended complaint has long since been completed and he does not have a willfulness To not comply with any of The Courts orders and That any lack of compliance thus Far was due To The Facilities administrative conduct and not any bad Faith of his own will.

Dismissal, such as The court seeks To recomend, is indeed a permissible sanction under Fed. R. Civ. P. 37(b)(2). But under The circumstances of this case, it is an extreme penalty which should only be resorted to only when a party has demonstrated willfulness or bad Faith and has been warned of The risk of dismissal For Failure To comply with court orders. See, e.g., Valentine v. Museum of modern Art, 29 F.3d 47, 50 (2d Cir. 1994); Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990); Ireland v. County of Essex, No. 1:00CV1834, 2005 WL 1388942, at *2 (N.D.N.Y. June 8, 2005).

It is For The above reasons That the plaintiff objects to The courts order/report/-recomendation in the present instance, and now seeks the courts grace and judgement to resolve This matter in the continuation of this action.

Dated: October, 22nd, 2008
Comstock, New York

Respectfully submitted

Gregory Lee, #07A4990

* Request letter, Grievance complaint *
and letter of explanation on File with
clerk of The court (10/14/08)

(4)

**GREAT MEADOW CORRECTIONAL FACILITY**
BOX 51
COMSTOCK, NEW YORK 12821-0051

NAME: Gregory Lee          DIN: 07A4990

LAWRENCE K. BAERMAN, CLERK
ALBANY

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED
OCT 24 2008

Clerk, U.S. District court
James. T. Foley U.S. courthouse
445 Broadway - Room 509
Albany, New York, 12207-2936

MAILED FROM ZIP CODE 12821
OCT 23 2008
$00.42